UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAURYVONG SAVANG, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>LAO PEOPLE'S DEMOCRATIC REPUBLIC, et al.,<br><br>        Defendants. | Case No. 16-cv-02037-VC<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION** |

Having reviewed the pending motions and supplemental briefs, the Court will dismiss the complaint for lack of subject matter jurisdiction.

Under *Kiobel v. Royal Dutch Petroleum Co.*, this Court lacks jurisdiction over this Alien Tort Statute case because all the relevant conduct is alleged to have taken place in Laos. 133 S. Ct. 1659, 1669 (2013). The plaintiffs' allegations regarding United States involvement in the Laotian civil war – including that the United States sent weapons and money, created a "Secret Army" and directed its activities from Virginia, brought members of the Royal Lao military to Texas for training, and negotiated treaties – are not sufficient to show that the claims "touch and concern" the United States, because these connections lack a nexus with the tortious conduct allegedly committed by the defendants. *See Doe I v. Cisco Sys., Inc.*, 66 F. Supp. 3d 1239, 1246-47 (N.D. Cal. 2014). The plaintiffs allege that the Lao People's Democratic Republic and members of the government subjected the plaintiffs and their family members to torture and deprived them of their homes and property. But the defendants did not, at least according to the allegations and evidence presented in this case, plan and commit any of these actions from within or with the help of the United States, or do so with the purpose of affecting the United States.

*Cf. Licci by Licci v. Lebanese Canadian Bank, SAL*, 834 F.3d 201, 215-17 (2d Cir. 2016). Therefore, the plaintiffs have not sufficiently alleged (much less demonstrated with evidence) that their claims touch and concern the United States "with sufficient force to displace the presumption against extraterritorial application." *Kiobel*, 133 S. Ct. at 1669.

Although it appears highly unlikely that the plaintiffs will be able to overcome the presumption against extraterritoriality, in an abundance of caution dismissal of the complaint is with leave to amend. Any amended complaint is due within 14 days of the filing of this Order. In recognition of the suggestion of immunity filed by the United States, however, the complaint is dismissed with prejudice as against defendants Bounnhang Vorachith and Thongloun Sisoulith. *See Hmong I v. Lao People's Democ. Repub.*, No. 15-cv-02349, 2016 WL 2901562, at *8-10 (E.D. Cal. May 17, 2016).

**IT IS SO ORDERED.**

Dated: July 31, 2017

_____
VINCE CHHABRIA
United States District Judge