UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAURYVONG SAVANG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LAO PEOPLE'S DEMOCRATIC REPUBLIC, et al.,<br><br>    Defendants. | Case No. 16-cv-02037-VC<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION, DENYING MOTION FOR DEFAULT JUDGMENT, AND SETTING ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. Nos. 28, 37, 38, 39, 42 |

      The first amended complaint is dismissed for lack of jurisdiction. The Court lacks jurisdiction over these claims, brought under the Alien Tort Statute, because the plaintiffs have not adequately alleged that the relevant harmful conduct by the defendants sufficiently touched and concerned the United States. *See Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 115-17 (2013); *Mujica v. AirScan Inc.*, 771 F.3d 580, 591-92 (9th Cir. 2014). Any actions that allegedly took place in the United States or by the United States government did not have a sufficient nexus to the allegedly harmful actions of the defendants that form the basis for the Alien Tort Statute claims. *See Doe I v. Cisco Systems, Inc.*, 66 F. Supp. 3d 1239, 1246-47 (N.D. Cal. 2014). Instead, it appears from the complaint that all of the actions alleged to have harmed the plaintiffs occurred in Laos. For these reasons and for the reasons given in the Court's ruling dismissing the previous complaint (Dkt. No. 27), the plaintiffs have not alleged their claims "touch and concern" the United States "with sufficient force to displace the presumption against extraterritorial application." *Kiobel*, 569 U.S. at 124-25; *see also Hmong I v. Lao People's Democratic Republic*, No. 15-cv-02349 TLN AC, 2016 WL 2901562, at *4-7 (E.D. Cal. May 17,

2016), *adopted by* 2016 WL 3254066 (E.D. Cal. June 13, 2016).

Because it does not appear that the plaintiffs will be able to amend the complaint to overcome the jurisdictional hurdles posed by the Alien Tort Statute, the complaint is dismissed with prejudice and the motion for a default judgment is denied. The clerk of the court is directed to set aside the entry of default and close the case.

**IT IS SO ORDERED.**

Dated: July 20, 2018

VINCE CHHABRIA
United States District Judge